IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No. 23-cv-4555 <br><br> Judge |

## COMPLAINT

Plaintiff, MILWAUKEE ELECTRIC TOOL CORPORATION ("MILWAUKEE TOOL" or "Plaintiff"), through undersigned counsel, hereby complains of the Partnerships, Unincorporated Associations and others identified in Schedule A attached hereto (collectively, "Defendants"), and for its Complaint hereby alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly

targets consumers in the United States, including Illinois, through at least the fully interactive commercial Internet stores operating under the Defendant Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of Plaintiff's trademarks. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products bearing counterfeit versions of Plaintiff's federally registered trademarks to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## INTRODUCTION

3. This action has been filed by Plaintiff to combat online counterfeiters who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's MILWAUKEE Trademarks, which are covered by one or more of the following U.S. Trademark Registrations: 917,618; 1,437,205; 1,489,877; 1,739,475; 2,624,843; 3,772,366; 3,908,609; 4,203,255; 4,203,258; 4,203,259; 4,207,146; 4,400,602; 4,407,484; 4,534,864; 4,580,441; 4,849,244; 5,085,184; 5,085,201; 5,085,219; 5,085,220; 5,085,222; 5,085,223; 5,085,240; 5,117,238; 5,117,290; 5,203,577; 5,203,630; 5,318,403; 5,645,535; 5,645,536; 5,645,537; 5,735,629; 5,735,630; 5,735,631; 5,735,632; 5,735,633; 5,894,915; 6,011,155; 6,175,446; 6,269,364; and 6,369,616. The Registrations are valid, subsisting and in full force and effect. True and correct copies of the federal trademark registration certificates for the MILWAUKEE Trademarks are attached as Exhibit 1.

4. The Defendants create numerous Defendant Internet Stores and design them to appear to be selling genuine Plaintiff's products, while selling inferior imitations of Plaintiff's products. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal counterfeiting operation. Plaintiff is forced to file this action to combat Defendants' counterfeiting of Plaintiff's registered trademarks, as well as to protect unknowing consumers from purchasing unauthorized MILWAUKEE TOOL products over the Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution and tarnishment of its valuable trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

5. This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Illinois and in this Judicial District. In addition, each Defendant has offered to sell and ship infringing products into this Judicial District.

## THE PLAINTIFF

6. Plaintiff, MILWAUKEE ELECTRIC TOOL CORPORATION, is a Delaware corporation with its principal place of business at 13135 West Lisbon Road, Brookfield, Wisconsin 53005-2550.

7. Plaintiff is the owner of the MILWAUKEE Trademarks (U.S. Registration Nos. 917,618; 1,437,205; 1,489,877; 1,739,475; 2,624,843; 3,772,366; 3,908,609; 4,203,255;

3

4,203,258; 4,203,259; 4,207,146; 4,400,602; 4,407,484; 4,534,864; 4,580,441; 4,849,244; 5,085,184; 5,085,201; 5,085,219; 5,085,220; 5,085,222; 5,085,223; 5,085,240; 5,117,238; 5,117,290; 5,203,577; 5,203,630; 5,318,403; 5,645,535; 5,645,536; 5,645,537; 5,735,629; 5,735,630; 5,735,631; 5,735,632; 5,735,633; 5,894,915; 6,011,155; 6,175,446; 6,269,364; and 6,369,616.).   Plaintiff is the owner in the U.S. of all intellectual property relating to MILWAUKEE TOOL products. Plaintiff develops, manufactures and markets power tools. For over 90 years, MILWAUKEE TOOL has led the industry in developing innovative solutions that deliver increased productivity and unmatched durability for professional construction users. Plaintiff is the official source of MILWAUKEE TOOL products:

https://MILWAUKEEusa.com/



8. Since 1924, the MILWAUKEE mark is and has been the subject of substantial and continuous marketing and promotion by Plaintiff.  Plaintiff has and continues to widely market and promote the MILWAUKEE mark in the industry and to consumers.  Plaintiff's promotional efforts include — by way of example, but not limitation — website and social media sites, and point of sale materials.

4

9. The MILWAUKEE Trademarks are distinctive and identify the merchandise as goods from Plaintiff. The registrations for the MILWAUKEE Trademarks constitute prima facie evidence of the validity thereof and of Plaintiff's exclusive right to use the MILWAUKEE Trademarks pursuant to 15 U.S.C. § 1057(b).

10. The MILWAUKEE Trademarks qualify as famous marks, as that term is used in 15 U.S.C. §1125 (c)(1), and have been continuously used and never abandoned.

11. Plaintiff has expended substantial time, money and other resources in developing, advertising and otherwise promoting the MILWAUKEE Trademarks. As a result, products bearing the MILWAUKEE Trademarks are widely recognized and exclusively associated by consumers, the public and the trade as being products sourced from Plaintiff.

**THE DEFENDANTS**

12. Defendants are individuals and business entities who, upon information and belief, reside in either the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this Judicial District, through the operation of fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell counterfeit MILWAUKEE TOOL products to consumers within the United States, including Illinois and in this Judicial District.

**THE DEFENDANTS' UNLAWFUL CONDUCT**

13. The success of the MILWAUKEE brand has resulted in its counterfeiting. Plaintiff has identified numerous online marketplace accounts linked to fully interactive websites and marketplace listings on platforms such as iOffer, eBay, PayPal, Wish and Amazon, including

the Defendant Internet Stores, which were offering for sale, selling and importing counterfeit MILWAUKEE TOOL products to consumers in this Judicial District and throughout the United States. Defendants have persisted in creating the Defendant Internet Stores. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by Homeland Security, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in 2021 was over $3.3 billion, up from $1.3 billion in 2020. Internet websites like the Defendants' Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue.

14. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores or wholesalers selling genuine MILWAUKEE TOOL products. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union and eBay, PayPal, Wish and Amazon. Defendant Internet Stores often include images and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized website. Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard® and PayPal® logos.

15. Plaintiff has not licensed or authorized Defendants to use the MILWAUKEE Trademarks, and none of the Defendants are authorized retailers of genuine MILWAUKEE TOOL products.

16. Upon information and belief, Defendants also deceive unknowing consumers by using the MILWAUKEE Trademarks without authorization within the content, text and/or meta tags of their websites to attract various search engines crawling the Internet looking for websites relevant to consumer searches for MILWAUKEE TOOL products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Store listings show up at or near the top of relevant search results and misdirect consumers searching for genuine MILWAUKEE TOOL products. Further, Defendants utilize similar illegitimate SEO tactics to propel new online marketplace accounts to the top of search results after others are shut down.

17. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. For example, many of Defendants' names and physical addresses used to register the Defendant Online Marketplace Accounts are incomplete, contain randomly typed letters, or fail to include cities or states. Other Defendant Online Marketplace Accounts use privacy services that conceal the owners' identity and contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down.

18. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, some of the Defendant websites have virtually identical layouts, even though different aliases were used to register the respective

7

online marketplace accounts. In addition, the counterfeit MILWAUKEE TOOL products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the counterfeit MILWAUKEE TOOL products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same online marketplace account registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers and the use of the same text and images.

19. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2012 U.S. Customs and Border Protection report on seizure statistics indicated that the Internet has fueled "explosive growth" in the number of small packages of counterfeit goods shipped through the mail and express carriers.

20. Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts and eBay, PayPal, Wish and Amazon accounts behind layers of payment

8

gateways so that they can continue operation in spite of Plaintiff's enforcement efforts. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their eBay, PayPal, Wish and Amazon accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of eBay, PayPal, Wish and Amazon transaction logs from previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based eBay, PayPal, Wish and Amazon accounts to China-based bank accounts outside the jurisdiction of this Court.

21. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the MILWAUKEE Trademarks in connection with the advertisement, distribution, offering for sale, and sale of counterfeit MILWAUKEE TOOL products into the United States and Illinois over the Internet. Each Defendant Internet Store offers shipping to the United States, including Illinois and, on information and belief, each Defendant has offered to sell counterfeit MILWAUKEE TOOL products into the United States, including Illinois.

22. Defendants' use of the MILWAUKEE Trademarks in connection with the advertising, distribution, offering for sale and sale of counterfeit MILWAUKEE TOOL products, including the sale of counterfeit MILWAUKEE TOOL products into Illinois, is likely to cause and has caused confusion, mistake and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

23. Plaintiff repeats and incorporates by reference herein the allegations contained in paragraphs 1-22 of this Complaint.

24. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the registered MILWAUKEE Trademarks in connection with the sale, offering for sale, distribution and/or advertising of infringing goods. MILWAUKEE Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Plaintiff's products provided under the MILWAUKEE Trademarks.

25. Defendants have sold, offered to sell, marketed, distributed and advertised, and are still selling, offering to sell, marketing, distributing and advertising products in connection with the MILWAUKEE Trademarks without Plaintiff's permission.

26. Plaintiff MILWAUKEE ELECTRIC TOOL CORPORATION is the registered owner of the MILWAUKEE Trademarks (U.S. Registration Nos. 917,618; 1,437,205; 1,489,877; 1,739,475; 2,624,843; 3,772,366; 3,908,609; 4,203,255; 4,203,258; 4,203,259; 4,207,146; 4,400,602; 4,407,484; 4,534,864; 4,580,441; 4,849,244; 5,085,184; 5,085,201; 5,085,219; 5,085,220; 5,085,222; 5,085,223; 5,085,240; 5,117,238; 5,117,290; 5,203,577; 5,203,630; 5,318,403; 5,645,535; 5,645,536; 5,645,537; 5,735,629; 5,735,630; 5,735,631; 5,735,632; 5,735,633; 5,894,915; 6,011,155; 6,175,446; 6,269,364; and 6,369,616).

27. The U.S. Registrations for the MILWAUKEE Trademarks (Exhibit 1) are in full force and effect. Upon information and belief, Defendants have knowledge of Plaintiff's rights in the MILWAUKEE Trademarks and are willfully infringing and intentionally selling counterfeits of the MILWAUKEE Trademarks. Defendants' willful, intentional and unauthorized use of the MILWAUKEE Trademarks is likely to cause and is causing confusion, mistake and deception as to the origin and quality of the counterfeit goods among the general public.

28. Defendants' activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. §§ 1114, 1117.

29. The injuries and damages sustained by Plaintiff has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell and sale of counterfeit MILWAUKEE TOOL products.

30. Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known MILWAUKEE Trademarks.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

31. Plaintiff repeats and incorporates by reference herein the allegations contained in paragraphs 1-30 of this Complaint.

32. Defendants' promotion, marketing, offering for sale and sale of counterfeit MILWAUKEE TOOL products has created and is creating a likelihood of confusion, mistake and deception among the general public as to the affiliation, connection or association with Plaintiff or the origin, sponsorship or approval of Defendants' counterfeit MILWAUKEE TOOL products by Plaintiff.

33. By using the MILWAUKEE Trademarks in connection with the sale of counterfeit MILWAUKEE TOOL products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the counterfeit MILWAUKEE TOOL products.

34. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit MILWAUKEE TOOL products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

35. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510/1, et seq.)

36. Plaintiff repeats and incorporates by reference herein the allegations contained in paragraphs 1-35 of this Complaint.

37. Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their counterfeit MILWAUKEE TOOL products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection or association with genuine MILWAUKEE TOOL products, representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

38. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1, et seq.

39. Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from:

    a. using the MILWAUKEE Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale or sale of any products that are not genuine MILWAUKEE TOOL products or are not authorized by Plaintiff to be sold in connection with the MILWAUKEE Trademarks;

    b. passing off, inducing or enabling others to sell or pass off any products as genuine MILWAUKEE TOOL products or any other products produced by Plaintiff that are not Plaintiff's or are not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the MILWAUKEE Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendants' counterfeit MILWAUKEE TOOL products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by or otherwise connected with Plaintiff;

    d. further infringing the MILWAUKEE Trademarks and damaging Plaintiff's goodwill;

    e. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any trademarks of Plaintiff, including the MILWAUKEE

13

       Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof; and

    f. using, linking to, transferring, selling, exercising control over or otherwise owning the Online Marketplace Accounts or any other online marketplace account that is being used to sell or is the means by which Defendants could continue to sell counterfeit MILWAUKEE TOOL products.

2) That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to filed with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with paragraph 1, a through f, above;

3) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as iOffer and eBay, PayPal, Wish and Amazon, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Online Marketplace Accounts, and domain name registrars, shall:

    a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit MILWAUKEE TOOL products using the MILWAUKEE Trademarks, including any accounts associated with the Defendants listed in Schedule A; and

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit MILWAUKEE TOOL products using the MILWAUKEE Trademarks.

5) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the MILWAUKEE Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

6) In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 for each and every use of the MILWAUKEE Trademarks;

7) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

8) Award any and all other relief that this Court deems just and proper.

Respectfully submitted,

Dated: July 14, 2023

By: s/Michael A. Hierl
Michael A. Hierl (Bar No. 3128021)
William B. Kalbac (Bar No. 6301771)
Robert P. McMurray (Bar No. 6324332)
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone
(312) 580-1994 Facsimile
mhierl@hsplegal.com

Attorneys for Plaintiff
MILWAUKEE ELECTRIC TOOL CORPORATION

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Complaint was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on July 14, 2023.

        s/Michael A. Hierl