**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Milwaukee Electric Tool Corporation, <br><br> Plaintiffs, <br> v. <br><br> The Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified on Schedule "A", <br><br> Defendants. | Case No.: 1:23-cv-04555 <br><br> Hon. Martha M Pacold <br><br> Mag. Heather K. McShain |

**DEFENDANTS ANYTAK, ENTING, AND ZENANDER' S**
**ANSWER AND COUNTERCLAIMS**

Defendants Anytak, Enting, and Zenander ("Defendants"), by and through the undersigned counsel of record, hereby submit their Answer and Counterclaims.

**JURISDICTION AND VENUE**

1. Admitted in part and denied in part. Defendants admit that the Court has subject matter jurisdiction over the claims in this action being brought by Plaintiff pursuant to provisions of the Lanham Act and the Patent Act. Defendants do not have knowledge or sufficient information so as to form a belief as to the truth of the remaining allegations of paragraph 1, and therefore deny them.

2. Admitted in part and denied in part. Defendants admit that they accept and receive payment in U.S. dollars from the sale of products which are available for purchase by Illinois residents and consumers on Amazon.com. Defendants further admit that they own and operate three Amazon.com marketplace accounts doing business under the names "Anytak", "Enting", and "Zenander". Defendants deny the allegations of paragraph 2 to the extent it alleges that Defendants have sold products bearing counterfeit versions of Plaintiff's marks. Defendants are without

knowledge and does not possess sufficient information so as to form a belief as to the truth of the remaining allegations of paragraph 2, and therefore deny them.

3. Defendants are without knowledge and does not possess sufficient information so as to form a belief as to what Plaintiff's intentions were in filing this action, and therefore deny the allegations in paragraph 3.

4. Admitted in part and denied in part. Defendants admit that they own and operate three Amazon.com marketplace accounts doing business under the names "Anytak", "Enting", and "Zenander". Defendants are without knowledge and does not possess sufficient information so as to form a belief as to what Plaintiff's intentions were in filing this action, and therefore deny the allegations in paragraph 4.

5. Admitted in part and denied in part. Defendants admit that they conduct business through the operation of the filly interactive, commercial online marketplace and storefront accounts listed on Amazon.com under the names "Anytak", "Enting", and "Zenander". Defendants deny the allegations in paragraph 5 to the extent it suggests that Defendants actively seek out Illinois customers because they do not do so. Defendants merely operate the Amazon.com storefront accounts which just so happen to be available for viewing and products for purchase by Illinois residents and consumers.

6. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 6 and therefore deny them.

7. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 7 and therefore deny them.

8. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 8 and therefore deny them.

9. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 9 and therefore deny them.

10. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 10 and therefore deny them.

11. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 11 and therefore deny them.

12. Admitted in part and denied in part. Defendants admit that they are Chinese companies that operates and owns Amazon.com marketplace accounts. Defendants deny the remainder allegations in paragraph 12.

13. Denied to the extent that Plaintiff alleges Defendants have engaged in counterfeiting activity. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 13 and therefore deny them.

14. Denied. Defendants do not have a role in any design of their Amazon.com marketplace storefront pages with the exception of product photos and description of the products offered for sale. It is not very difficult for consumers to distinguish counterfeit sites as Plaintiff alleges to the extent and because Defendants' online marketplace account is up to Amazon.com, not Defendants, to decide. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 14 and therefore deny them.

15. Admit. Defendants admit the allegations of this paragraph to the extent that Defendants do not have a license or authorization from Plaintiff to sell their products. Defendants do not need a license or authorization from Plaintiff to sell their own non-infringing, non-counterfeit products.

16. Denied.

17. Denied.

18. Denied.

19. Denied. Defendants do not do anything to evade enforcement efforts, nor should they, because Defendants do not sell counterfeit products.

20. Admit in part and denied in part. Defendants are Chinese companies incorporated in the People's Republic of China. To the extent that Defendants' status as Chinese company with Chinese bank account counts as being "offshore" Defendants admit. Defendants deny the allegations to the extent it claims Defendants are counterfeiters, which it is not. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 20 and therefore deny them.

21. Denied. Defendants do not use any of MILWAUKEE's Trademarks as alleged, and Defendants certainly do not engage in any counterfeit activity.

22. Denied.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. §1114)

23. Defendants repeat and incorporate their responses to the allegations set forth in Paragraphs 1 through 22 of Plaintiff's complaint.

24. Denied. Defendants deny that this is a trademark infringement action against Defendants based on sales of counterfeit products because Defendants do not sell counterfeit products. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 24 and therefore deny them.

25. Denied.

26. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 26 and therefore deny them.

27. Denied.

28. Denied.

29. Denied. Plaintiff has not suffered any damages whatsoever by Defendants' lawful acts. Defendants are without knowledge or sufficient information as to whether Plaintiff may have been harmed by the hundreds of unrelated named defendants and therefore Defendants deny the remaining allegations of paragraph 29.

30. Denied. Plaintiff is not entitled to any remedy at law as it pertains to Defendants' actions. Plaintiff will not suffer irreparable harm whatsoever from Defendants' actions.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a))

31. Defendants repeat and incorporate their responses to the allegations set forth in Paragraphs 1 through 30 of Plaintiff's complaint.

32. Denied.

33. Denied.

34. Denied.

35. Denied. Plaintiff is not entitled to any remedy at law as it pertains to Defendants' actions. Plaintiff will not suffer irreparable harm whatsoever from Defendants' actions.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510/1, et seq.)

36. Defendants repeat and incorporate their responses to the allegations set forth in Paragraphs 1 through 35 of Plaintiff's complaint.

37. Denied.

38. Denied.

39. Denied. Plaintiff is not entitled to any remedy at law as it pertains to Defendants' actions. Plaintiff will not suffer irreparable harm whatsoever from Defendants' actions.

///

///

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint, and respectfully request that Plaintiff's request for judgment and damages be denied, Defendants be awarded costs and fees incurred in defending against Plaintiff's Complaint, and Defendants be granted any such other relief as this Court may deem appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State A Claim)

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Injury)

Plaintiff's claims and the relief sought are barred, in whole or in part, because Plaintiff has not sustained any damages and has suffered no harm caused by Defendants.

### THIRD AFFIRMATIVE DEFENSE
### (Trademark Misuse)

Plaintiff's claims and the relief sought are barred, in whole or in part, by the doctrine of trademark misuse.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff claims are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### (Laches And Undue Delay)

Plaintiff's claims are barred, in whole or in part, by laches and/or Plaintiff's undue delay.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Defendants request a jury trial of all issues that may be tried by a jury.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Defendants allege the following counterclaims against Plaintiff.

### NATURE OF THE ACTION AND RELIEF SOUGHT

1. Counterclaimants Anytak, Enting, and Zenander seek declaratory relief from this Court to prevent Plaintiff from falsely asserting claims for trademark counterfeiting and thereafter causing harm to Counterclaimants. Specifically, Plaintiff misleadingly alleges that Counterclaimants, out of hundreds of unrelated named defendants, are engaged in counterfeiting activities which include the purported use of counterfeit marks owned by Plaintiff.

2. Counterclaimants bring the following counterclaims against Plaintiff and seek a declaration from this Court that Counterclaimants' activities do not constitute trademark counterfeiting and that Counterclaimants' sale of their own products does not constitute infringement of Plaintiff's trademarks.

### PARTIES

3. Counterclaimants are Chinese companies formed, incorporated, and headquartered in the People's Republic of China and existing under Chinese law. Counterclaimants do business via the Amazon.com storefront accounts under the names "Anytak", "Enting", and "Zenander".

4. Counter-Defendant, MILWAUKEE ELECTRIC TOOL CORPORATION, is a Delaware corporation with its principal place of business at 13135 West Lisbon Road, Brookfield, Wisconsin 53005-2550.

### JURISDICTION AND VENUE

5. This counterclaim arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and Illinois unfair competition, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02 et seq.

6. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338.

7. This Court has supplemental jurisdiction over the Illinois state law claims pursuant to 28 U.S.C. § 1367(a), because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8. Venue is proper in this District under 28 U.S.C. § 1391.

9. On July 14, 2023 Counter-Defendant filed a complaint against numerous unknown defendants based upon claims that said defendants were engaged in the use of counterfeit trademarks and sales of counterfeited MILWAUKEE products.

10. Counterclaimants are Chinese companies that own and operate Amazon.com marketplace storefronts under usernames names "Anytak", "Enting", and "Zenander". Counterclaimants sell batteries for tools bearing their own trademark "*Estry*".

11. Counterclaimants sell legitimate products which are non-infringing and non-counterfeit, including batteries for tools.

12. Counter-Defendant alleges and asserts that Counterclaimants are engaged in heinous acts of trademark counterfeiting relating to MILWAUKEE's trademarks.

13. Counter-Defendant claims that Counterclaimants' sale of the following product not only infringes upon MILWAUKEE's trademarks, but also more egregiously that Counterclaimants' products are counterfeits of MILWAUKEE's products. An example of Counterclaimant's products bearing their own trademark "*Estry*" can be seen below:



14. Counter-Defendant's claims for trademark infringement and counterfeiting are not based in reality, as Counterclaimants do not make use or, or reference to, MILWAUKEE's marks. Furthermore, Counterclaimants' products are not counterfeit products.

## COUNT I

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND NON-COUNTERFEITING
### (28 U.S.C. § 2201, et seq.)

15. Counterclaimants incorporate by reference all of the allegations above and in the answer and affirmative defenses in response to Counter-Defendant's Complaint as if fully set forth herein.

16. By reason of Counter-Defendant's efforts in bringing an action against Counterclaimants based upon false and misleading allegations of trademark counterfeiting, there now exists between the parties an actual and justiciable controversy concerning whether Counterclaimants have infringed any alleged rights of Counter-Defendant by selling products which are wholly unrelated and dissimilar to MILWAUKEE's trademarks.

17. A declaration is necessary and appropriate at this time to affirm Counterclaimants' right to engage in normal business and e-commerce through the sales of their own legitimate products which bear no relation to MILWAUKEE's trademarks, and to bar Counter-Defendant from misusing allegations of trademark counterfeiting as a means of obtaining profits from sales of products by Counterclaimants which have nothing to do with Counter-Defendant whatsoever.

18. Counterclaimants have no adequate remedy at law.

19. Accordingly, Counterclaimants seek, pursuant to 28 U.S.C. §§ 2201 and 2202, a judgment from this Court that the products sold by Counterclaimants do not infringe upon MILWAUKEE's asserted trademarks and that Counterclaimants' activities do not constitute counterfeiting.

///

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimant prays that this Court:

20. Grant judgment in Counterclaimants' favor on all claims asserted by MILWAUKEE;

21. Declare that Counterclaimants' activities and sales of their products do not constitute trademark counterfeiting, and does not infringe any of MILWAUKEE's trademarks;

22. Award Counterclaimants their costs and attorney's fees incurred in this action in accordance with and pursuant to 15 U.S.C. § 1117; and

23. Grant any such other relief as this Court may deem equitable, just, and proper.

Date: October 2, 2023    Respectfully submitted,

*/s/ Edward Chen*
Edward Chen (Cal. Bar #312553)
Edward.Chen@edchenlaw.com
**Law Offices of Edward Chen**
301 N. Lake Ave., Suite 600
Pasadena, California 91101
949.241.7097

*Attorneys for Defendants*