**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION, | ) ) | |
| Plaintiff, | ) ) | Case No.: 1:23-cv-04555 |
| v. | ) ) | Hon. Judge Martha M. Pacold |
| THE INDIVIDUALS, et al., | ) ) | Mag. Judge Heather K. McShain |
| Defendants. | ) ) ) | |

**Defendants' Motion to Amend / Correct Under Rule 60**

**NOW COME** defendants (163) HiTooler, (122) APTOOLER, (185) DheTech (aka Mrupoo Brand), (178) LiBatter, and (48) sunmily (hereinafter "Defendants"), by and through their undersigned counsel, and hereby request the court correct its granting of the preliminary injunction as states as follows:

1. Plaintiff filed its motion to convert the temporary restraining order into a preliminary injunction on August 11, 2023. [Dkt. 29].

2. On August 22, 2023, Defendants filed a Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction. [Dkt. 43]

3. On September 1, 2023, Defendants answered. [Dkt. 53].

4. After agreed extensions, on September 15, 2023 Plaintiff filed a Reply in Support of Entry of a Preliminary Injunction. [Dkt. 63].

5. On October 6, 2023, the parties filed a joint status report wherein they acknowledged, *inter alia*, that "Defendants oppose entry of a preliminary injunction…Defendants Opposition to the entry of a preliminary injunction has not been ruled upon." [Dkt. 75 p. 3].

6. On October 17, 2023, the Court granted Plaintiff's motion, stating "Defendant No. 135 "CBQ" is the only defendant who has appeared and objected to the motion for preliminary injunction

[65]. No other defendant has appeared or filed an objection to the motion for preliminary injunction [29]." [Dkt. 90]. The preliminary injunction order including Defendants was also entered. [Dkt. 91].

7. Respectfully, Defendants' opposition to Plaintiff's preliminary injunction motion appears to have been overlooked, and is fully briefed.

8. Federal Rules provide that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a); *See*, Klingman v. Levinson, 877 F.2d 1357, 1360-61 (7th Cir.1989) ("Rule 60(a) applies to correct "error[s] of transcription, copying, or calculation."); Kokomo Tube Co. v. Dayton Equip. Serv. Co., 123 F.3d 616, 623 (7th Cir.1997) (permitting substitution of named defendant liable for attorneys; fee under Rule 60(a).

9. Defendants previously moved to compel Plaintiff to inform Amazon.com of the expiration of the TRO in the case, which the Court granted. [Dkts. 78, 85].

10. Defendants require the preliminary injunction order to be corrected accordingly, and Plaintiff be instructed to ensure that Amazon does not reinstate the restraints thereunder.

**WHEREFORE**, Defendants respectfully request the court to:

A. correct the preliminary injunction order [Dkt. 91] to omit Defendants therefrom, and take Defendants' response [Dkt. 43] to Plaintiff's motion for preliminary injunction under advisement and rule thereon; and

B. require Plaintiff to inform Amazon, in the event the preliminary injunction order [Dkt. 91] was provided thereto, that Defendants need be omitted pending a corrected order.

Dated this October 17, 2023

                                                   Respectfully Submitted,

                                                   /s/Adam E. Urbanczyk

Adam E. Urbanczyk
Brian Swift
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
brians@au-llc.com
*Counsel for Defendants*